NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GONZALO MENDOZA MATIAS, | No.   18-71478 |
| Petitioner, | Agency No. A087-536-498 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2022**
Pasadena, California

Before:  SILER,*** CALLAHAN, and FORREST, Circuit Judges.

Gonzalo Mendoza-Matias, an indigenous Mayan man from Guatemala,

seeks review of a decision of the Board of Immigration Appeals (BIA) denying his

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

request for protection from removal in withholding proceedings. He challenges the immigration judge's (IJ) determination that he is not credible and asserts that he should be granted withholding of removal and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition for review.

We review adverse credibility determinations for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We look to the "totality of the circumstances [] and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (quoting 8 U.S.C § 1158(b)(1)(B)(iii)). The court must deny a petition for review unless the petitioner has presented "evidence 'so compelling that no reasonable factfinder could find'" that petitioner has not established eligibility. *Singh v. INS.*, 134 F.3d 962, 966 (9th Cir. 1998) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992)). The BIA's determination of eligibility for withholding of removal is reviewed for substantial evidence. *Shrestha*, 590 F.3d at 1039.

Mendoza-Matias argues that the agency's adverse credibility determination is not supported by substantial evidence and that he is entitled to withholding of removal and CAT relief. He claims he suffered past persecution due to resisting gang recruitment, attempting to vote, and being Catholic.

2

Mendoza-Matias has not shown that the agency's adverse credibility determination is not supported by substantial evidence. The IJ referred to specific instances in the record to support his adverse credibility determination. The IJ explained Mendoza-Matias had a history of lying to immigration officials. The IJ explained, for instance, how Mendoza-Matias had "given [i]mmigration [o]fficials different names at different times, depending on the situation." Because of the different names and different stories told by Mendoza-Matias, the IJ was not "even clear" what his true name was. The IJ further noted it was unclear whether Mendoza-Matias is from Mexico or Guatemala and whether his best language is Mam or Spanish as he answered those questions in many different ways to different immigration officers. The IJ also found Mendoza-Matias was embellishing his story to suit whatever question presented to him. He initially identified as Latino but then said he was persecuted because he was indigenous. He initially indicated he was persecuted by gang members and then claimed to fear Guatemalan soldiers. Before the IJ, he expanded his claim of persecution to being beaten when he attempted to vote, even though the majority of his town is of Mayan descent, and also claimed that he was beaten for being Catholic. Given the list of inconsistencies identified by the IJ, Mendoza-Matias has not shown that the adverse credibility determination is not supported by substantial evidence.

Mendoza-Matias' claims of past persecution based on religion, political opinion, and membership in a particular social group are not persuasive. Mendoza-Matias has not shown that "indigenous, Guatemala male Mayan[s] who oppose[] forced gang recruitment" constitutes a cognizable social group. He claims that police beat him when he attempted to vote and that Guatemalan police are prejudicial against Catholics but offered no corroborating evidence to support his claims.

When a petitioner's claim under CAT is based on the same evidence that was found not credible, the rejection of petitioner's CAT claim must be affirmed. *Farrah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir. 2003). Here, the adverse credibility finding relating to Mendoza-Matias' name, identity, and place of origin completely undermines his claim that he will be tortured if returned to Guatemala. Moreover, he offered no corroborating evidence that he is likely to be tortured if returned to Guatemala. He has not shown that the agency erred in denying his relief under CAT.

The petition for review is **DENIED**.